```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM HILL,**

    **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 1:06cv182**
                                        **(Judge Keeley)**

**JOYCE FRANCIS,**

    **Defendant.**

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT

On December 27, 2006, Plaintiff William Hill ("Hill"), an inmate at the Federal Correctional Institution at Gilmer ("FCI Gilmer"), filed a <u>pro se</u> civil rights complaint.[1] Hill asserts that, on July 22, 1994, he received a federal sentence under the United States Sentencing Guidelines when the Guidelines were considered to be mandatory. Relying on <u>United States v. Booker</u>, 543 U.S. 220 (2005), Hill states that the United States Supreme Court declared the Guidelines unconstitutional. Therefore, he asserts that, because his sentence was imposed under the mandatory Guidelines, it is null and void. Accordingly, Hill contends that the Warden at FCI Gilmer had an affirmative duty to release him when the <u>Booker</u> Court declared that the mandatory Guidelines were invalid.

---

[1] On January 19, 2007, Hill filed a motion to amend (dkt no. 8), seeking leave to correct typographical errors contained in his original complaint.

**HILL v. FRANCIS**                                                  **1:06cv182**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

**I. PROCEDURAL HISTORY**

In accordance with Local Rule of Prisoner Litigation 83.02 <u>et seq.</u>, the Court referred the matter to Magistrate Judge John S. Kaull for a preliminary review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Magistrate Judge Kaull, in his Report and Recommendation, issued on March 14, 2007, concluded that Hill's complaint is frivolous.[2] Relying on <u>Heck v. Humphrey</u>, 512 U.S. 447, 487 (1994), he stated that, to recover damages for allegedly unconstitutional imprisonment, Hill must prove that his sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Magistrate Judge concluded that Hill had failed to make such a showing, and, therefore, he had no chance of success on the merits of his claim.

On March 26, 2007, Hill filed timely objections to the Magistrate Judge's Report and Recommendation. Specifically he objected to the Magistrate Judge's finding that his sentence has not been declared invalid. He asserted that the <u>Booker</u> decision

---

[2] Because he found Hill's original complaint to be frivolous and recommended that it be dismissed, Magistrate Judge Kaull recommended that Hill's motion to amend to correct typographical errors be denied as moot.

declared the mandatory Guidelines invalid and that the decision's application is not limited to the sentences of the petitioners involved in that case. Therefore, he contends that his sentence was declared invalid by Booker and, as a result, the requirements of Heck have been met in this case.

## II. STANDARD OF REVIEW

The Court liberally construes pro se complaints that raise civil rights issues. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). However, even under that liberal standard, the court has the authority to dismiss an in forma pauperis action that is frivolous or malicious or that fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Such dismissal is proper when, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear that, as a matter of law, no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

Following a Magistrate Judge's Report and Recommendation concerning a prisoner's complaint, the Court will review de novo any portions of the Report and Recommendation to which a specific

objection is made, 28 U.S.C. § 636(b)(1), and the Court may adopt, without explanation, any of the Magistrate's recommendations to which the prisoner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III. ANALYSIS

The key issue raised by Hill in his objections is whether his sentence has previously been declared invalid. He does not object to the Magistrate Judge's reliance on the holding in Heck, but, instead, contends that the requirements in Heck have been met in this case. Simply, he asserts that the Supreme Court, in Booker, declared his sentence invalid.

In Booker, the Supreme Court concluded that the mandatory application of the Guidelines is what offended a defendant's Sixth Amendment right to a jury. Booker, 543 U.S. at 255-61. Therefore, based on its conclusion that Congress would have wished to continue the Guidelines system even if the Guidelines were not mandatory, the Court struck down 18 U.S.C. §§3553(b)(1) and 3742(e), which had made the Guidelines mandatory. Id. As so modified, the Court concluded that the Guidelines are "effectively advisory," and that appellate courts must now review sentences "for unreasonableness." Id.

Accordingly, because the appeals court had previously vacated Booker's sentence, the Supreme Court remanded his case for resentencing in accordance with the advisory Guideline scheme established by its decision. Id. at 267-68.  Although Fanfan had received a sentence authorized by his jury verdict, the Supreme Court also vacated his sentence to allow for resentencing under the new scheme. Id.  With respect to the general application of its decision, the Booker Court stated:

> As these dispositions indicate, we must apply today's holdings-both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act-to all cases on direct review. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past"). See also Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995) (civil case); Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (same). That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation.  Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may

> depend upon application of the harmless-error doctrine.

Id.

Clearly, the decision in Booker did not declare Hill's sentence invalid. Rather, Booker specifically states that not every sentence on direct appeal at the time of the decision would give rise to a Sixth Amendment violation and not every sentence would require resentencing.[3] Significantly, Booker in no way declared every sentence imposed under the mandatory Sentencing Guidelines invalid so as to require all defendants serving such sentences to be released. Therefore, because his sentence has not been declared invalid, Hill cannot succeed on his claim for unconstitutional imprisonment.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, and **DISMISSES WITH PREJUDICE** Hill's complaint (dkt no. 1). Accordingly, the Court also **DENIES AS MOOT** Hill's motion to amend (dkt no. 8).

---

[3] Moreover, because Hill's sentence was not on direct appeal at the time of the Booker decision, he cannot even seek resentencing under the advisory Guideline scheme. Specifically, the Fourth Circuit Court of Appeals has also held that the rule announced in Booker is not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005)(holding that a criminal defendant is unable to raise Blakely or Booker claim for the first time in a §2255 petition when his judgment of conviction became final before the United States Supreme Court decided Booker).

**HILL v. FRANCIS**                                                    1:06cv182

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
       AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

It is SO **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff via certified mail, return receipt requested and to counsel of record.

DATED: April 2, 2007

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE